UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HEATHER TURNER,<br><br>                Plaintiff,<br>   v.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY,<br><br>                Defendant. | CASE NO. 2:25-cv-00714-LK<br><br>ORDER GRANTING MOTION TO REMAND AND DENYING REQUEST FOR ATTORNEY'S FEES |

This matter comes before the Court on Plaintiff Heather Turner's Motion to Remand and for Attorney Fees. Dkt. No. 11. For the reasons outlined below, the Court grants the motion to remand but denies her request for attorney's fees.[1]

### I.   BACKGROUND

This case arises from a motor vehicle accident that occurred on October 31, 2023. Dkt. No. 2-2 at 3. On that date, Turner was "lawfully operating [her] motor vehicle" when underinsured

---

[1] Because the Court can decide the matter based on the parties' filings, it denies Ms. Turner's request for oral argument. Dkt. No. 11 at 1.

ORDER GRANTING MOTION TO REMAND AND DENYING REQUEST FOR ATTORNEY'S FEES - 1

driver Kelvin Santos-Maldonado "pulled out of the driveway in front of her and caused [a] collision." *Id.* at 3. Turner sustained various injuries as a result of the collision, for which she received treatment from a range of providers. *See id.* at 4–6.

Following the accident, Turner submitted an underinsured motorist claim to her insurer, Progressive Direct Insurance Company. *Id.* at 4. Progressive reviewed the medical treatments included in Turner's claim and determined that she was entitled to $17,424.00 beyond the $25,000 in bodily injury covered by Santos-Maldonado's insurance. *Id.* at 3–4, 6. Turner filed a complaint in Snohomish County Superior Court on March 18, 2025, disputing Progressive's determination of benefits. *Id.* at 1, 4–7. Turner complains that Progressive has "failed to tender the undisputed amount" of benefits, failed to pay her policy limit of $50,000 despite being provided with documentation showing that "Turner had damages that we [sic] in excess of her policy limits," and has "continued to claim that [Turner] was not entitled to UIM benefits." *Id.* at 7. Based on these allegations, Turner advances a single cause of action for breach of contract. *Id.* at 6–7. In her prayer for relief, she seeks damages "in an amount to be proven at trial for the defendant's breach of contract and common law duties," "treble damages," and attorney's fees and costs. *Id.* at 7–8.

Progressive removed this action to federal court on April 21, 2025. Dkt. No. 1. In its Notice of Removal, Progressive states that:

> Plaintiff claims that Progressive breached its insurance contract by failing to tender policy limits of $50,000 and in violation of the Washington Insurance Fair Conduct Act ("IFCA") and the Washington Consumer Protection Act. Pursuant to Washington statutory law, which Plaintiff claims entitles her to trebled damages, this matter constitutes a controversy for damages in excess of $150,000.

Dkt. No. 2 at 2. Turner filed a timely motion to remand on May 5, 2025. Dkt. No. 11.

## II. DISCUSSION

In her motion to remand, Turner argues that the Court lacks jurisdiction because Progressive "fails to show that the amount in controversy exceeds $75,000.00." Dkt. No. 11 at 1.

ORDER GRANTING MOTION TO REMAND AND DENYING REQUEST FOR ATTORNEY'S FEES - 2

Specifically, "Defendants [sic] acknowledge that Plaintiff has not sought through a settlement proposal or negotiations anything in excess of her policy limits of $50,000," and that "Plaintiff has not pled any claims relating to the Insurance Fair Conduct Act or the Consumer Protection Act which potentially would give rise to the trebling of damages." *Id.* at 2. In its response, Progressive concedes that attorney's fees and "[t]reble damages are not available for simple breach of contract claims," and that "treble damages serve no purpose in a simple contract dispute," but argues that "[w]hen an insured alleges bad faith conduct against an insurer and requests treble damages, the logical and reasonable inference is that she seeks relief under IFCA." Dkt. No. 13 at 6. The declaration attached to Progressive's response explains that

> Progressive's removal was based on its calculation that the amount in controversy exceeds $75,000 when considering: (a) the $50,000 policy limits demand; (b) the potential trebling of damages under IFCA as explicitly requested in the complaint; (c) the attorneys' fees and costs requested in the complaint, which are mandatory under IFCA and would likely be substantial in bad faith litigation; and (d) the potential for additional damages under common law bad faith theories.

Dkt. No. 14 at 4.[2] As discussed below, Progressive's reliance on causes of action that were not pleaded in the complaint is unreasonable and without basis in the law.

A.    **Legal Standard**

Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the action filed in state court. 28 U.S.C. § 1441(a). Federal jurisdiction exists over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). Defendants bear the burden of establishing that removal is proper, *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009), and the removal statutes are strictly construed against removal jurisdiction, *Hansen*

---

[2] Progressive appears to abandon its argument that the complaint advances a claim under the Consumer Protection Act. Dkt. No. 2 at 2. But even if it had not abandoned this argument, the result would be the same for the reasons laid out below.

1  *v. Grp. Health Coop.*, 902 F.3d 1051, 1056–57 (9th Cir. 2018). Furthermore, where, as here, "the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006).

A district court considers the complaint, the allegations in the removal petition, and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citation modified). The notice of removal, however, need not "prove" subject matter jurisdiction: "the fact that the party removing a case to a federal district court has the burden of proving that the district court has jurisdiction does not mean that the notice of removal must in and of itself meet this burden." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068–69 (9th Cir. 2021). Only when the plaintiff contests—or the district court questions—a defendant's allegations must the defendant produce evidence establishing the amount in controversy. *Dart Cherokee Basin Operating Co.*, 574 U.S. 81, 89 (2017); *see* 28 U.S.C. § 1446(c)(2)(B). If at any time a district court determines that "less than a preponderance of the evidence supports the right of removal," it must remand the action to state court. *Hansen*, 902 F.3d at 1057; *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (explaining that doubts as to removability are resolved in favor of remand).

B.   **Remand is Warranted**

Here, Progressive has failed to carry its burden of proof concerning the amount in controversy. While Progressive argues that Turner's request for treble damages indicates that she is stating a claim under IFCA, Dkt. No. 13 at 1–2, an errant reference to treble damages in a prayer for relief does not establish jurisdiction by a preponderance of the evidence. As discussed above, Turner's sole cause of action is for breach of contract. Dkt. No. 2-2 at 6. The complaint does not

1 mention IFCA or any other basis for treble damages. Indeed, it is undisputed that Turner did not
2 comply with IFCA's 20-day notice requirement. Dkt. No. 10 at 6; Dkt. No. 11 at 2. Considering
3 that Turner is not pro se, Progressive's liberal interpretation of the complaint to include claims that
4 are wholly omitted therein has no basis in law. *See Awudza v. Barr*, 824 F. App'x 483, 485 (9th
5 Cir. 2020) (a represented party is not entitled to the "liberal construction afforded to pro se
6 litigants"). Instead, under the principle of party presentation, it is "presume[d] that parties
7 represented by competent counsel know what is best for them, and are responsible for advancing
8 the facts and argument entitling them to relief." *Todd R. v. Premera Blue Cross Blue Shield of
9 Alaska*, 825 F. App'x 440, 442 (9th Cir. 2020) (quotation marks and citation omitted)). For this
10 reason, Turner's decision to plead only breach of contract after mentioning a potential IFCA claim
11 in prior settlement discussions further underscores that the omission was intentional. *See* Dkt. No.
12 14 at 3.

These facts make plain that the complaint's reference to treble damages was mistaken.
Thus, Progressive's reliance on IFCA and other unstated causes of action does not suffice to
establish that the amount in controversy exceeds $75,000.

**C.    An Award of Attorney's Fees is Not Warranted**

Turner requests attorney's fees "for having to respond to Defendant's removal action where
it is clear that there are absolutely no grounds for said removal[.]" Dkt. No. 11 at 5.

The removal statute provides that "[a]n order remanding the case may require payment of
just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28
U.S.C. § 1447(c). "Absent unusual circumstances, a court may award costs and attorney's fees
under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking
removal." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 552 (9th Cir. 2018). But
"removal is not objectively unreasonable solely because the removing party's arguments lack

merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Here, both parties are to blame for the waste of time and resources caused by Progressive's removal. Progressive could have avoided such waste by simply asking Turner whether the prayer for treble damages was mistaken before it decided to remove the case. But the case would not have been removed in the first instance if it were not for Turner's sloppy drafting. The Court declines to reward such carelessness by awarding her attorney's fees.

### III.  CONCLUSION

For the reasons set forth above, the Court GRANTS Turner's motion to remand and DENIES her request for attorney's fees. Dkt. No. 11. The Court further ORDERS that

1. Pursuant to 28 U.S.C. § 1447(c), this case is REMANDED to the Superior Court for Snohomish County in the State of Washington;
2. The Clerk of the Court shall mail a certified copy of this Order to the Clerk of the Court for the Superior Court for Snohomish County;
3. The Clerk of the Court shall also transmit the record herein to the Clerk of the Court for the Superior Court for Snohomish County; and
4. The Clerk of the Court shall CLOSE this case.

Dated this 7th day of July, 2025.

Lauren King
United States District Judge